Case 2:16-cv-00038-SMJ    Document 30    Filed 10/25/16

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 25, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>        v.<br><br>KELLI BLAKE, as guardian of the estate of E.B., a minor under the age of 18 and LISA N. HAMLIN, as guardian of the estate of C.H., a minor under the age of 18,,<br><br>               Defendants. | No. 2:16-CV-00038-SMJ<br><br>ORDER GRANTING DEFENDANT LISA N. HAMLIN'S MOTION FOR SUMMARY JUDGMENT |

## I.     INTRODUCTION

George Blake, a federal employee covered under the Federal Employees' Group Life Insurance Program (FEGLI), passed away in August 2013. At the time of his death, Mr. Blake had one minor child. Mr. Blake is also the biological father of C.H., who was born after Mr. Blake's death, in February 2014. The Defendants dispute whether C.H. is Mr. Blake's child for the purpose of the statute governing order of precedence for payment of FEGLI benefits, 5 U.S.C. §8705(a). Defendant Hamlin moves for summary judgment, arguing that C.H is an eligible beneficiary and therefore is entitled to half of the insurance proceeds paid into the court registry

SUMMARY JUDGMENT ORDER - 1

and accrued interest. Because Mr. Blake was adjudged to be C.H.'s father based on conclusive DNA evidence, and that paternity determination is recognized by the State of Washington and the Social Security Administration, C.H. is Mr. Blake's recognized natural child. Accordingly, C.H. is an eligible beneficiary under Mr. Blake's FEGLI policy. Defendant Hamlin's Motion for Summary Judgment is granted.

## II. UNDISPUTED FACTS

Prior to his death, Mr. Blake was a federal employee covered under FEGLI. ECF No. 1 at 3. The Metropolitan Life Insurance Company administers FEGLI claims. ECF No. 1 at 3. Mr. Blake passed away on August 11, 2013. ECF No. 1 at 5. At the time of his death, Mr. Blake was unmarried and had one minor child, E.B. ECF No. 1 at 7. Mr. Blake is also the biological father of C.H., who was born after Mr. Blake's death on February 13, 2014. ECF No. 1 at 5–6, Exh. D. On March 14, 2014, the Spokane County Superior Court adjudged Mr. Blake to be the biological father of C.H. and directed the Washington Department of Health to amend C.H.'s birth certificate to identify Mr. Blake as C.H.'s father. ECF No. 1 at 6, Exh. F. Additionally, the Social Security Administration accepted C.H.'s application for Social Security Survivor Benefits, and C.H. now receives monthly Social Security benefits. ECF No. 18.

SUMMARY JUDGMENT ORDER **-** 2

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties in this case agree that there is no dispute of material fact, and that the only issue for the court to decide is a question of law.

## IV. DISCUSSION

The Federal Employees' Group Life Insurance Act (the Act) provides for payment of benefits upon an employee's death in accordance with a defined order of precedence. 5 U.S.C. §8705(a). The parties agree that because Mr. Blake had no designated beneficiary or widow, the benefits from his policy should be payed to the class having third priority: "Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation." *Id*. The parties dispute only whether C.H. is a child of the Mr. Blake.

The Act does not define "child or children of the employee." But the term "Child" is defined in the Office of Personnel Management's (OPM) FEGLI regulations. "Child, as used in the order of precedence for payment of benefits, means a legitimate child, an adopted child, or a recognized natural child, of any age. It does not include a stepchild, a stillborn child, a

SUMMARY JUDGMENT ORDER - 3

grandchild, or a foster child." 5 C.F.R. § 870.101. The regulation further defines "Recognized Natural Child" as follows:

> Recognized natural child, with respect to paternity, is one for whom the father meets one of the following:
>
> (1)(i) Has acknowledged paternity in writing;
>
> (ii) Was ordered by a court to provide support;
>
> (iii) Before his death, was pronounced by a court to be the father;
>
> (iv) Was established as the father by a certified copy of the public record of birth or church record of baptism, if the insured was the informant and named himself as the father of the child; or
>
> (v) Established paternity on public records, such as records of schools or social welfare agencies, which show that with his knowledge the insured was named as the father of the child.
>
> (2) If paternity is not established by paragraph (1) of this definition, such evidence as the child's eligibility as a recognized natural child under other State or Federal programs or proof that the insured included the child as a dependent child on his income tax returns may be considered when attempting to establish paternity.

*Id.* at 229. Importantly, neither the statute nor the regulation distinguish between children born before or after the employee's death. *See* 5 U.S.C. §8705(a); 5 C.F.R. § 870.101.

Defendant Hamlin argues that the Court should apply Washington law, which provides that "[a] child conceived prior to the death of a parent but born after the death of the deceased parent is considered to be the surviving issue of the deceased parent," Wash. Rev. Code. § 11.02.005(8).

SUMMARY JUDGMENT ORDER **-** 4

ECF No. 19 at 11. Defendant Blake argues that the Court must apply the definition of Recognized Natural Child in 5 C.F.R. § 870.101 and that C.H. is not Mr. Blake's child under that definition. ECF No. 24 at 7–8.

To the extent statutory or regulatory definitions of "child" are ambiguous, the court may consider state law as persuasive authority on the meaning of those terms. *See Desylva v. Ballentine*, 351 U.S. 570, 580 (1956) (approving looking to state law to define domestic-relations terms, including the word "children"). But 5 U.S.C. §8705(a) and 5 C.F.R. § 870.101 are not ambiguous as applied to the undisputed facts of this case. C.H. is a recognized natural child of Mr. Blake and therefore is Mr. Blake's child for the purpose of determining order of precedence for payment of FEGLI benefits. Mr. Blake was established as C.H.'s father by a certified copy of the public record of birth, and though Mr. Blake was deceased when C.H. was born and could not have personally attested that he was C.H.'s father at the time of birth, Mr. Blake provided a DNA sample at the time of his death that conclusively established paternity. Additionally, the State of Washington and the Social Security Administration have recognized C.H. as Mr. Blake's child. Under these circumstances, C.H. is Mr. Blake's "recognized natural child."

## V. CONCLUSION

Because C.H. is the child of Mr. Blake, C.H. is an eligible beneficiary under Mr. Blake's FEGLI policy and is therefore entitled to half of the insurance proceeds and accrued interest in the court registry.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Lisa Hamlin's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. In accordance with the Court's order Dated March 23, 2016, **ECF No. 13**, Metropolitan Life Insurance Company is **DISMISSED WITH PREJUDICE** from this action, without costs or fees awarded to any party, and discharged from all further liability to defendants effective **March 31, 2016**.

3. The Clerk of Court shall distribute the proceeds of George Blake's FEGLI policy currently held in the court registry as follows:

    A. $234,320.23 plus one-half of any interest accrued on all funds deposited in the registry to Defendant Kelli Blake, as guardian of the estate of E.B. The check should be sent to:

    Kelli Blake
    c/o Grant W. Riva
    308 W 1st Ave, Ste. 211
    Spokane, WA 99201

SUMMARY JUDGMENT ORDER - 6

  **B.**  $234,320.23 plus one-half of any interest accrued on all funds deposited in the registry to Defendant Lisa Hamlin, as guardian of the estate of C.H. The check should be sent to:

> Lisa N. Hamlin
> c/o Martin Peltram
> Peltram Law Offices
> 900 North Maple, Ste. 200
> Spokane, WA 99201

4. Prior to receipt of funds, the parties shall send completed IRS W-9 forms to the Court's Finance Office.

5. All pending motions are **DENIED AS MOOT**.

6. All hearings and other deadlines are **STRICKEN**.

7. The Clerk's office is directed to **CLOSE THIS FILE**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 25th day of October 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge

SUMMARY JUDGMENT ORDER **-** 7